IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BOBBY JOE HICKS                                                                                        PLAINTIFF

v.                                          No. 4:05CV00538 JLH

ARKANSAS DEPARTMENT OF HEALTH AND HUMAN
SERVICES; JOHN SELIG, in his official capacity as Director of
the Arkansas Department of Health and Human Services;
KURT KNICKREHM, individually; ROY KINDLE, individually
and in his official capacity as DCFS Director;
ROSEMARY WHITE, Assistant Director of Community Services
of DCFS, individually and in her official capacity;
TREDA RICE VANCE, in her official capacity as Area Manager
of DCFS; and LEKITA LEE, individually                                                      DEFENDANTS

**OPINION AND ORDER**

The defendants have filed a motion to reconsider this Court's Opinion and Order of September 5, 2006, denying the defendant's motion for summary judgment as to plaintiff Bobby Joe Hicks's claims for retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; violation of his First Amendment right to petition for redress of grievances pursuant to 42 U.S.C. § 1983; and violation of his right to petition the government under the Arkansas Constitution pursuant to the Arkansas Civil Rights Act ("ACRA"), title 16, section 16-23-105 of the Arkansas Code. For the following reasons, this motion is granted in part and denied in part.

The defendants raise two points of error in their motion to reconsider. First, the defendants assert that Hicks's claims under § 1983 and the ACRA fail as a matter of law because he did not petition the government on a matter of public concern and his letter to the Director of the Arkansas Department of Health and Human Services ("DHHS") therefore was not a form of expression protected by the First Amendment. Second, the defendants assert that this letter was not a "protected activity" under Title VII because Hicks could not have had a reasonable, good faith belief that he

was reassigned to a new job in retaliation for his previous lawsuits against DHHS. Each issue is addressed separately below.

**I.      Hick's § 1983 and ACRA Claims**

The defendants draw the Court's attention to *Hoffmann v. Mayor, Councilmen & Citizens of the City of Liberty*, 905 F.2d 229 (8th Cir. 1990), a case involving a public employee's claim for violation of his First Amendment right to petition. "'The right to petition is cut from the same cloth as the other guarantees of [the First] Amendment, and is an assurance of a particular freedom of expression.'" *Id.* at 233 (quoting *McDonald v. Smith*, 472 U.S. 479, 482, 105 S. Ct. 2787, 2789, 86 L. Ed. 2d 384 (1985)). A claim for infringement of the First Amendment right to petition is therefore subject to the same analysis as the right to free speech. *Id.* In employment discharge cases, this analysis involves three inquiries: "1) did the employee show that he or she did something which was speech touching upon public concern thereby making it protected activity; 2) if yes, did the employee then show that the protected activity was a substantial or motivating factor in the employer's action against the employee; and 3) did the employer show that it would have taken the same action absent the protected activity?" *Id.* Thus, when a public employee speaks as an employee upon matters of personal interest, rather than speaking as a citizen upon matters of public concern, such speech is not protected by the First Amendment. *Id. See also Garcetti v. Ceballos*, 126 S. Ct. 1951, 1960, 164 L. Ed. 2d 689 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.").

The defendants correctly point out that Hicks's November 2004 letter to the Director of DHHS was written as an employee addressing an issue of personal concern, not as a citizen speaking on a matter of public concern. Hicks sought only to address his concerns relevant to his employment

and his reassignment to the Targeted Case Management Project. His letter raised no issues of "political, social or other concern to the community" that could be deemed a matter of public concern. *See Sparr v. Ward*, 306 F.3d 589, 594 (8th Cir. 2002) (citing *Connick v. Myers*, 461 U.S. 138, 146, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)).

Because Hicks did not speak upon a matter of public concern, his "petition" to the Director of DHHS was not protected under the First Amendment. His § 1983 claim therefore fails. The ACRA provides that it may be interpreted in manner similar to § 1983. ARK. CODE ANN. § 16-123-105(c). Given the similar language of the First Amendment right to petition and the Arkansas State Constitution's guarantee of the right to petition, this Court believes that the Arkansas Supreme Court would hold that Hicks's letter was not a protected activity under the ACRA. The defendants' motion for summary judgment as to Hicks's § 1983 and ACRA claims is therefore granted.

## II.     Hicks's Title VII Claim

The defendants assert that Hicks's 2004 job reassignment was not an "adverse employment action" and that the time lapse between his previous litigation and this reassignment was too long to establish a causal connection between the two. Thus, the defendants argue, Hicks's letter to the Director of DHHS alleging that the reassignment was motivated by retaliation was not a "protected activity" under Title VII because Hicks could not have had a reasonable, good faith belief that he was the victim of retaliation in that instance.

A Title VII retaliation plaintiff need not establish that the conduct which he opposed was in fact discriminatory; he need only demonstrate a good faith, reasonable belief that the employer's underlying conduct violated the law. *Green v. Franklin Nat'l Bank of Minneapolis*, No. 05-2513, 2006 WL 2419171 at *8 (8th Cir. Aug. 23, 2006). "[A]n employee must be shielded from retaliation for protected activity, even if a court eventually decides that the employee's complaints are without

merit, as long as the employee reasonably believed the employer's conduct violated Title VII." *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 858 (8th Cir. 2005).

The defendants assert that Hicks could not have reasonably believed that his reassignment to the Targeted Case Management Project was an adverse employment action because it involved no change in title, salary, or benefits. The 8th Circuit has held that a reassignment must involve a material change such as a reduction in title, salary, or benefits to constitute a "materially adverse action" under Title VII. *E.g.*, *Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006). The Supreme Court has since held, however, that a reassignment of duties may constitute retaliatory discrimination where the reassignment involves a job requiring a lower level of employee qualifications, more arduous tasks, and lower prestige. *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2416-17, 165 L. Ed. 2d 345 (2006).

Hicks has produced evidence that his new position with the Targeted Case Management Project was less desirable than his position as Area Training Coordinator. Hicks possesses a college degree and has over 20 years of experience with DHHS, yet the new position requires only a high school diploma. While the defendants assert that the project was important, Hicks has testified that he was told that it was job involving only clerical duties, *i.e.*, data entry, and that he would exercise no judgment or discretion in the position. Given that Hicks had been told that he would be assigned to work on a foster-care planning project in his position as Area Training Coordinator, he could reasonably conclude that a job typing data into a computer was less prestigious and less desirable. Hicks thus could have reasonably believed that his reassignment was a materially adverse employment action.

The defendants also assert that the time lapse between Hicks's litigation against DHHS and his November 2004 letter was too great to allow anyone reasonably to believe that the reassignment

4

was a retaliatory measure motivated by the litigation. While this temporal connection is very weak, as about five years had lapsed between Hicks's last legal action and his 2004 job reassignment, Hicks has produced other evidence supporting his claim for retaliation. First, as explained above, the job transfer could be viewed as a demotion. Second, the record contains evidence that Rosemary White both testified against Hicks as to his 1999 petition for contempt and participated in the decision-making process relevant to his 2004 reassignment. Hicks points out that White was not in his line of supervision, however, between 1999 and her August 2004 promotion. Thus, arguably, the five-year gap between Hick's petition for contempt and termination is irrelevant to the analysis of White's alleged retaliatory conduct, because she was not in a position to retaliate against him during that period of time.

Hicks is not required to prove that his 2004 job reassignment was, in fact, the product of retaliation. He is required only to meet the minimum threshold of showing that his belief was reasonable and held in good faith. Hicks has met this minimum threshold. The defendants' motion for reconsideration as to Hicks's Title VII claim is therefore denied.

## CONCLUSION

The defendants' motion to reconsider (Docket # 59) is granted as to Hicks's claims pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act. The defendants' motion for summary judgment (Docket # 35) as to these claims is granted. Because Hicks's § 1983 and ACRA claims are dismissed, no claims are pending against the individual capacity defendants. Defendants Kurt Knickrehm, Roy Kindle, Rosemary White, and Lekita Lee in their individual capacities are therefore dismissed. The motion to reconsider is denied as to Hicks's Title VII claim, however, as the defendants are not entitled to summary judgment on this claim.

IT IS SO ORDERED this 8th day of September, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE