IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BOBBY JOE HICKS                                                                                              PLAINTIFF

v.                                              No. 4:05CV00538 JLH

ARKANSAS DEPARTMENT OF HEALTH AND HUMAN
SERVICES; JOHN SELIG, in his official capacity as Director of
the Arkansas Department of Health and Human Services;
KURT KNICKREHM, individually; ROY KINDLE, individually
and in his official capacity as DCFS Director;
ROSEMARY WHITE, Assistant Director of Community Services
of DCFS, individually and in her official capacity;
TREDA RICE VANCE, in her official capacity as Area Manager
of DCFS; and LEKITA LEE, individually                                                              DEFENDANTS

**OPINION AND ORDER**

Bobby Joe Hicks brought claims against the Arkansas Department of Health and Human Services ("DHHS") and several of its employees in their individual and official capacities, alleging violations of his rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act. The Court granted the defendants' motion for summary judgment as to all of Hicks's claims except his Title VII action against DHHS and employees John Selig, Roy Kindle, Rosemary White, and Treda Rice Vance in their official capacities. The Title VII claim was tried to a jury, which returned a verdict in favor of the defendants. Hicks has filed a *pro se* motion for new trial pursuant to Federal Rule of Civil Procedure 59[1] or, in the alternative, motion for contempt. For the reasons stated below, the motion is denied.

---

[1] In his supporting brief Hicks also asks for judgment notwithstanding the verdict. Federal Rule of Civil Procedure 50(b) provides that a party may "renew" a motion for judgment as a matter of law and may join such a motion with a motion for a new trial under Rule 59 if the trial court did not grant the party's "motion for judgment as a matter of law made at the close of all the evidence." Because Hicks did not move for judgment as a matter of law at trial, however, he cannot do so now. *See McKeel v. City of Pine Bluff*, 73 F.3d 207, 212 (8th Cir. 1996) (plaintiff who did not move for judgment as a matter of law during trial was precluded from relief under Rule 50(b)).

**I.**

"A motion for a new trial should be granted only if the jury's verdict was 'against the great weight of the evidence so as to constitute a miscarriage of justice.'" *Mathieu v. Gopher News Co.*, 273 F.3d 769, 784-85 (8th Cir. 2001) (quoting *Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 497 (8th Cir. 1998)). "A miscarriage of justice occurs when there is insufficient evidence to support the verdict." *Douglas County Bank & Trust Co. v. United Fin. Inc.*, 207 F.3d 473, 478 (8th Cir. 2000). While the district court has discretion to grant or deny a new trial based on its reading of the evidence, it cannot usurp the functions of the jury. *Beckman v. Mayo Found.*, 804 F.2d 435, 439 (8th Cir. 1986). Thus, "'[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.'" *Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc.*, 466 F.2d 179, 186 (8th Cir. 1972) (quoting *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35, 64 S. Ct. 409, 412, 88 L. Ed. 520 (1944)).

**II.**

**A.**     **Motion for New Trial**

The issue before the jury in this case was whether the defendants discharged Hicks from his employment with DHHS in retaliation for engaging in activities protected under Title VII. The defendants argued that Hicks was terminated because they believed that he had threatened to kill Kindle. Hicks now moves for a new trial on the ground that the jury's verdict was against the weight of the evidence.[2]

---

[2] Hicks also argues ineffective assistance of counsel, asserting that his attorney failed to present the evidence on his behalf in a timely manner, failed to exercise due care in the jury selection process, and abandoned some of his claims before trial without authorization. Ineffective assistance of counsel, however, is not a ground for relief in a civil case. *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988).

The parties do not dispute that Hicks had previously filed lawsuits against DHHS for violations of Title VII and that about three weeks before his discharge he wrote a letter to the director of DHHS alleging that he was being transferred to a new job in retaliation for those lawsuits. By writing this letter, Hicks engaged in a protected activity under Title VII.

Defense witness Mary Brazil, an employee of DHHS, testified at trial that Hicks told her that he would kill Kindle if Kindle disciplined him for failing to report to his new job. Brazil stated that she reported Hicks's threat to Kindle and White, who were in her chain of command as well as Hicks's. Kindle and White both testified that they took the reported death threat seriously and that Hicks was discharged because of it. Kindle further testified that he notified the security personnel in his office building, posted Hicks's picture in the building, stopped parking in his ususal parking space, and reported the alleged threat to the prosecuting attorney's office.

Hicks testified that he did not threaten Kindle. Hicks also testified that he worked for DHHS for over 20 years and has a college degree, but his new job assignment would have involved only entry-level clerical duties. He presented evidence that he was discharged without a hearing in violation of DHHS's policies and procedures.

The jury in this case was entitled to believe the testimony of Brazil, Kindle, and White. Based on that testimony, reasonable persons could find that the defendants did not discharge Hicks in retaliation for his previous lawsuits or his letter to the director of DHHS. The jury's verdict was not against the great weight of the evidence so as to constitute a miscarriage of justice. A new trial is therefore unwarranted.

**B.     Motion for Contempt**

As noted above, Hicks moves in the alternative for a finding of contempt. His motion for contempt is based on a Consent Decree entered in one of his previous lawsuits against DHHS, which

provided that Hicks would be treated "fairly and equally with respect to the terms, conditions, and privileges of his employment, including compensation, annual evaluations, promotions and transfers." *Hicks v. Ark. Dep't of Human Servs./Div. of Children & Family Servs.*, No. LR-C-91-135, slip op. at 4 (E.D. Ark. Feb. 5, 1992). Hicks asserts that the defendants violated this decree by discharging him in violation of DHHS policies and procedures. This argument, however, was not raised before trial, and new trial motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552, 556 (8th Cir. 2000). Hicks's motion for contempt is denied.

## CONCLUSION

The jury's verdict in favor of the defendants was not against the great weight of the evidence so as to constitute a miscarriage of justice. Hicks cannot now raise new arguments that could have been raised before judgment was entered. Hicks's motion for new trial or, in the alternative, motion for contempt is DENIED. Document #78.

IT IS SO ORDERED this 14th day of November, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE